IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GARY PURRINGTON, DIANE ) <br> PURRINGTON, G. SKYLER ) <br> PURRINGTON, and FIREFOX ) <br> ENTERPRISES, INC., ) <br> ) <br> Defendants. ) <br> _____) | Case No. CV-04-577-E-BLW <br><br> **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS** |

## INTRODUCTION

Pending before the Court is Defendants' motion to dismiss. The Court heard oral argument on May 5, 2005.  The Court will deny the motion for the reasons expressed below.

## FACTUAL BACKGROUND

On November 16, 2004, the Government filed a complaint for a permanent injunction, seeking to halt Defendants' alleged violations of the Federal Hazardous Substances Act ("FHSA"), 15 U.S.C. § 1261 *et seq*.  The Complaint alleges that Defendant Firefox Enterprises ("Firefox") is a source of supply for people in the business of manufacturing illegal explosives.  The Complaint alleges that

**Memorandum Decision and Order - Page 1**

Defendants Gary, Diane, and G. Skyler Purrington, as directors of Firefox, introduced into interstate commerce components intended to produce fireworks which are banned hazardous substances under regulations promulgated pursuant to the FHSA.  *See* 15 U.S.C. § 1263(a); 16 C.F.R. §§ 1500.17(a)(3), (a)(8).

The Complaint alleges that, since at least January 2002, Defendants have repeatedly violated § 1263(a) of the FHSA.  Specifically, the Complaint states that Defendants repeatedly delivered substantial quantities of fuses, paper tubes, end plugs, and chemicals to out-of-state customers.  Based on the type and quantity of materials the customers ordered, the Government alleges that Defendants knew or had reason to know that they were components intended to produce banned hazardous substances.  The Government claims there is a substantial likelihood that Defendants will continually sell components used to produce banned fireworks unless restrained from doing so by order of this Court.

The Defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and have identified two independent bases for their motion.  First, the Defendants claim that the Consumer Product Safety Commission (the "Commission") only has authority to regulate consumer products under 15 U.S.C. § 2051(b).  Second, the Defendants argue that the FHSA is not properly invoked because the Government did not adequately allege that the

**Memorandum Decision and Order - Page 2**

products in question are hazardous substances "intended, or packaged in a form suitable, for use in the household" as defined in 15 U.S.C. § 1261 (q)(1)(B). The Court disagrees with each of the Defendants' arguments and will, for the reasons that follow, deny the motion to dismiss.

## ANALYSIS

A motion to dismiss should not be granted "unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Clegg v. Cult Awareness Network,* 18 F. 3d 752, 754 (9th Cir. 1994). All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party. *Buckey v. County of Los Angeles,* 968 F.2d 791, 794 (9th Cir. 1992).

**I.     The Commission has jurisdiction under the FHSA.**

Defendants maintain that the Commission only has authority to regulate consumer products. The Commission obtains its power to regulate from the Consumer Products Safety Act ("CPSA"). *See* 15 U.S.C. § 2053(a). The CPSA applies only to consumer products. *See* 15 U.S.C. § 2051(b). Because the CPSA is the Commission's enabling act, Defendants maintain that the Commission cannot regulate under the FHSA unless the items at issue are consumer products.

The Court disagrees. In addition to its authority to regulate consumer

**Memorandum Decision and Order - Page 3**

products, Congress transferred to the Commission the authority, under the FHSA, to regulate "banned hazardous substances," regardless of whether they are consumer products. *See* 15 U.S.C. § 2079. Although the CPSA originally established the Commission to protect against injury associated with consumer products, its duties were specifically broadened by the provisions of § 2079 transferring "[t]he functions of the Secretary of Health, Education, and Welfare under the Federal Hazardous Substances Act . . . to the Commission." The statute places no limitation on the authority transferred to the Commission. It does not direct the Commission to regulate only those items that qualify as consumer products. Moreover, the Eighth Circuit has held that the CPSA is a separate statute that has no application in an FHSA action. *Shelton v. CPSC*, 277 F.3d 998, 1008 (8th Cir. 2002). Thus, the Commission has authority to enforce the FHSA, regardless of whether the item at issue is a consumer product.

**II.     The Government adequately alleges a violation of the FHSA.**

Defendants also argue that the Government's Complaint does not sufficiently allege that they violated the FHSA and shipped "banned hazardous substances" in interstate commerce. The Court again disagrees.

Congress authorized the Commission to promulgate regulations that: 1) identify "banned hazardous substances," and 2) keep such substances out of

**Memorandum Decision and Order - Page 4**

interstate commerce when intended or packaged "for use in the household." 15 U.S.C. § 1261(q)(1)(B). The Commission issued regulations declaring that certain fireworks devices, "*including kits and components intended to produce such fireworks*," are "banned hazardous substances." 16 C.F.R. § 1500.17(a)(3) (emphasis added).

The Government alleges that Defendants introduced into interstate commerce components that Defendants knew or should have known were intended to produce banned fireworks in violation of CPSC regulations. Defendants argue that the evidence will not show the requisite intent. However, on a motion to dismiss, the Court must accept Government's allegations as true, even if the Defendants believe the evidence will not support the claims. *Buckey*, 968 F.2d at 794. The Complaint adequately alleges that the fireworks components in question are banned hazardous substances under CPSC regulations.

In summary, the Court finds that the language of the FHSA grants the Commission authority to regulate fireworks components regardless of whether they are consumer products. The Court also finds that the Government has properly invoked the provisions of the FHSA. The Complaint adequately alleges that the products in question are banned hazardous substances within the purview of CPSC regulations. Accordingly, the Court finds that the Government can state a claim

**Memorandum Decision and Order - Page 5**

for injunctive relief under the FHSA. The Defendants' motion to dismiss will be denied.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' motion to dismiss (Docket No. 14) is DENIED.

DATED: **May 12, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court