IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No.  CV-04-577-S-BLW |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **DECISION AND ORDER** |
| | ) | |
| GARY PURRINGTON; DIANE | ) | |
| PURRINGTON; G. SKYLER | ) | |
| PURRINGTON; and FIREFOX | ) | |
| ENTERPRISES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**INTRODUCTION**

The Court has before it Defendant's Motion to Reconsider (Docket No. 47)

and Defendant's Motion to Stay (Docket No. 49).

**BACKGROUND**

Plaintiff served Defendants with its First Request for Production of

Documents ("RFPs") on May 31, 2005.  After several discussions and disputes

over the requests, Plaintiff filed a Motion to Compel on July 29, 2005.  Defendants

failed to respond to the Motion to Compel in a timely manner pursuant to Local

Rule 7.1, and on August 29, 2005, the Court granted the motion.  In its Order, the

Court required Defendants to send Plaintiff a copy of all documents that are in any

**Memorandum Decision and Order - 1**

way responsive to Plaintiff's First RFPs within seven days of the issuance of the Order.

Instead of providing Plaintiff with the responsive documents, Defendants filed a motion to reconsider the Court's August 29 Order. Defendants also filed a motion to stay the Court's August 29 Order.

## ANALYSIS

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reasons one and three are clearly not present in this case. Defendants have not presented the Court with newly discovered evidence, and there has been no intervening change in applicable law since the Court issued its original decision. Likewise, the Court did not commit clear error in its initial decision. Local Rule 7.1 unambiguously gives the Court the authority to grant a motion when the adverse party fails to timely file a response. See Local Rule 7.1(e).

Defendants only potential ground for reconsideration is an argument that the Court's Order was manifestly unjust. Defendants contend that they inadvertently

**Memorandum Decision and Order - 2**

failed to file a response to Plaintiff's Motion to Compel.  Given the delays in this case due to discovery disputes, however, it was not manifestly unjust for the Court to order Defendants to produce all documents responsive to Plaintiff's RFPs when Defendants failed to respond to the motion, whether inadvertent or not.

Moreover, Defendants do not assert that any of the responsive documents are subject to the attorney/client privilege or work product doctrine, such that disclosure would negatively effect Defendants case.  Instead, Defendants assert that the documents are not relevant and that it would be a burden to produce them. It is the Court's understanding that the documents comprise ten bankers boxes. This is not an excessive amount of documents, and the burden of producing them is not significant.

Additionally, Plaintiff's Complaint asserts that Defendants committed several violations of the Federal Hazardous Substances Act by introducing and delivering for introduction into interstate commerce components intended to produce fireworks that are banned hazardous substances.  Rule 26(b) allows a party to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action."  Fed.R.Civ.P. 26(b).  This includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. V.*

**Memorandum Decision and Order - 3**

*Sanders*, 437 U.S. 340, 351 (1978).  The information sought in Plaintiff's RFPs, including customer lists, sales receipts, invoices, records of transactions related to distribution of chemicals and supplies, and instructions for assembling banned fireworks, are relevant to the claims in the Complaint.

Under these circumstances, the Court's Order was not manifestly unjust, and the Court will deny the Motion to Reconsider.  In turn, the Court will deny the Motion to Stay its earlier order compelling production of responsive documents. The Court will order Defendants to send Plaintiff a copy of all documents that are in any way responsive to Plaintiff's First RFPs within seven days of the date of this Order.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED, that Defendant's Motion to Reconsider (Docket No. 47) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Stay (Docket No. 49), shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that Defendants shall send Plaintiff a copy of all documents that are in any way responsive to Plaintiff's First RFPs withing seven days of the date of this Order.

IT IS FURTHER ORDERED that the Court amends its previous Order

**Memorandum Decision and Order - 4**

granting Plaintiff's Unopposed Motion to Modify Case Management Order

(Docket No. 48) and Plaintiff's Amended Unopposed Motion to Modify Case

Management Order (Docket No. 54).  The Court issues the following more specific

deadlines to better manage the case from this point forward:

1.   <u>Disclosure of Experts</u>:

    a.   Plaintiff shall disclose the experts intended to be called at trial

    on or before **<u>January 14, 2006</u>**.

    b.   Defendants shall disclose the experts intended to be called at

    trial on or before **<u>February 14, 2006</u>**.

    c.   All rebuttal experts shall be identified on or before **<u>February

    28, 2006</u>**.

2.   <u>ADR Plan</u>: The parties shall file an ADR plan by **<u>January 14, 2006</u>**.

3.   <u>Completion of Discovery</u>: All discovery will be completed by **<u>March

    18, 2006</u>**.

4.   <u>Dispositive Motion Deadline</u>: All dispositive motions shall be filed by

    **<u>April 15, 2006</u>**.

IT IS FURTHER ORDERED that the Order of Referral to Chief United

States Magistrate Judge Larry M. Boyle shall be withdrawn.  Any future discovery

motions will be addressed by me and/or my staff in the following manner: I will

**Memorandum Decision and Order - 5**

not entertain any written discovery motions until the Court has been provided with an opportunity to informally mediate the parties' dispute.  To facilitate that mediation, the attorneys will first contact Jeff Severson, the law clerk assigned to this case, and provide him with a brief written summary of the dispute and the parties' respective positions.  Mr. Severson may be able to offer suggestions that will resolve the dispute without the need of my involvement.  If necessary, an off-the-record telephonic conference with me will then be scheduled as soon as possible.  I will seek to resolve the dispute during that conference and may enter appropriate orders on the basis of the conference.  I will only authorize the filing of a discovery motion and written briefing if we are unable to resolve the dispute during the conference.

DATED:  **November 17, 2005**



B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 6**