IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. CV-04-577-E-BLW |
| Plaintiff, ) | |
| ) | **MEMORANDUM DECISION** |
| v. ) | **AND ORDER** |
| ) | |
| GARY PURRINGTON, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## INTRODUCTION

On December 6, 2006, the Court issued a Memorandum Decision and Order granting the Government's Motion for Summary Judgment. The Court gave the parties time to negotiate an agreed upon remedy in line with the Memorandum Decision and Order. The parties were unable to agree upon a remedy, and the Court requested that each party submit a proposed remedy and short supporting brief. The Court has now reviewed the parties' briefs and proposals and issues the following decision. The Court also has before it the Government's Motion to Strike (Docket No. 98), which the Court will deny for the reasons stated below.

## ANALYSIS

**I.     INJUNCTIVE RELIEF**

**Memorandum Decision and Order -- Page 1**

The Court agrees in all material respects with the Government's proposed order for injunctive relief. The Court will therefore enter the Government's proposed order as a separate document constituting the final judgment in this matter. In this memorandum decision and order, the Court will explain its reasoning for agreeing with the Government and disagreeing with Defendants on the relief sought in this matter.

### A.     Fuel Sales

The Government argues that Defendants should be enjoined from selling, giving away, holding for sale, or otherwise distributing any fuel for which the particle size is finer than 100 mesh (or particles less than 150 microns in size). Defendants contend that the injunction should apply only to atomized aluminum powder with an average particle size of 10 micron or smaller, and flake aluminum powder with an average particle size of 70 micron or smaller.

Based on the expert reports and testimony presented in this case, the Court believes that the Government's proposed restrictions best fulfill the Court's need to balance the equities between the parties and give due regard to the public interest. See *High Sierra Hikers Assoc. v. Blackwell*, 390 F.3d 630, 641 (9th Cir. 2004). Although Defendants' expert suggests that the Court should only restrict particle sizes finer than 10 or 70 micron, depending on shape, he also admits that there are

**Memorandum Decision and Order -- Page 2**

significantly limited applications for such fine particles.  (See Plaintiff's Statement of Undisputed Facts, Report of Dr. Roger Schneider, Ex. H at ¶ 5.2).  Moreover, the Government's expert noted that there is no simple chemistry rule of thumb dividing powders into sizes that can be used to make flash powder and sizes that cannot.  (See Joholske Decl, ¶ 5).

As suggested by the Government, the only way to foreclose Defendants' customers from building illegal fireworks would be an outright ban on fuel sales of all mesh sizes.  Although the Court believes that it would be legally justified in ordering such an outright ban, the Court agrees with the Government that enjoining Defendants from selling, giving away, holding for sale, or otherwise distributing to any fuel for which the particle size is finer than 100 mesh will stop most of Defendants' sales related to banned firework manufacture.  Thus, the Court will adopt the Government's proposal with respect to fuel sales.

    **B.**    **Oxidizer Sales**

The Court also agrees with the Government's proposal that Defendants be enjoined from distributing more than one pound of oxidizer per year to any one address or individual.  Again, the only way to completely foreclose Defendants' customers from building illegal fireworks would be an outright ban on oxidizers.  However, the Government's proposal should stop at least the large-scale

**Memorandum Decision and Order -- Page 3**

production of banned fireworks, without completely closing down Defendants' business.

### C.     Additional Banned Fireworks Components

Defendants suggest that an artful shopper can assemble most of the additional components to manufacture illegal fireworks, and therefore an injunction would only injure Defendants without promoting public safety.  The Court agrees that an artful shopper probably can assemble such components.  However, that does not mean the Court should condone such assembly by allowing Defendants to make it easier for them to do so.  Thus, the Court agrees with the Government's recommendation that Defendants should be restricted to distributing 25 feet of fuse per year per customer and tubes no shorter than 10 inches.

### D.     Length of Injunction

The Government seeks a permanent injunction, while Defendants believe the injunction should be limited to three years.  Given Defendants' inability or unwillingness to comply with the law after the previous injunction against them expired, the Court finds that a permanent injunction is necessary at this point.

### E.     Exemptions

Defendants seek several exemptions to the restrictions ordered in the injunction, in addition to the agreed upon ATF exemption.  However, Defendants'

**Memorandum Decision and Order -- Page 4**

suggested exemptions appear to be nothing more than an attempt to create loopholes in the injunction. Unlike the ATF exemption, Defendants' proposed additional exemptions are found nowhere in the regulations. Accordingly, the Court will not allow for exemptions other than the exemption for those who have obtained a relevant ATF explosives license.

### F. Copy Charges

Defendants ask that the Government pay for the cost of copying and shipping of documents which the Government may request in monitoring Defendants' compliance with the injunction. In paragraph 9 of the injunction, the Court is ordering Defendants to send copies of any and all requested records maintained pursuant to the injunction. The Court agrees that if the Government request such documents, the Government must bear the cost. Accordingly, the Court will add a line to paragraph 9 of the injunction requiring the Government to pay the cost of copying and shipping requested documents.

## II. MOTION TO STRIKE

The Government seeks to strike the supplemental expert reports submitted by Defendants. However, even considering the supplemental reports, the Court agreed to enter the Government's proposed order. Accordingly, the Court will deny the motion.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Court will enter the Government's proposed order as a final injunction in this matter. The injunction shall be entered as a separate document.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike (Docket No. 98) shall be, and the same is hereby DENIED.

DATED: **April 30, 2007**

B. LYNN WINMILL
Chief Judge
United States District Court